# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Anthony Holmes, ) | C/A No. 3:08-cv-1829-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

Through this action, Plaintiff seeks judicial review of the decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) (D.S.C.). For the reasons stated below, the court adopts the reasoning and recommendations of the Report, reverses the Commissioner's decision pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the matter to the Commissioner for further proceedings.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## REPORT AND OBJECTION

The Report recommends that the Commissioner's decision be reversed and remanded to the Commissioner for further proceedings under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3). *See* Report at 15. The Commissioner has conceded that further administrative action is necessary to properly resolve Plaintiff's claim. Dkt. No. 28-1; *see also* Report at 9 ("The parties agree that the ALJ's decision should not be upheld."). Plaintiff objects to the Report solely to the extent that it recommends remand to the Commissioner for further administrative action. Plaintiff asserts that because the Commissioner has failed, after two attempts, to properly adjudicate Plaintiff's disability claim, the appropriate remedy is to direct an award of benefits. *See* Dkt. No. 43; *see also* Dkt. No. 38.

## DISCUSSION

The court is concerned that, over six years after his initial application, Plaintiff's disability petition remains unresolved due to Commissioner's errors, detailed in the Report. Nonetheless, despite the repeated errors and resulting delay, the undersigned concludes that the circumstances of this case do not justify outright reversal. *See, e.g.*, *INS v. Ventura*, 537 U.S. 12, 16 (2002) (stating that, when a court sitting in an appellate capacity reverses an administrative agency decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (internal quotations omitted); *Hall v. Harris*, 658 F.2d 260, 266 (4th Cir. 1981) (holding that remand for further proceedings is generally the proper remedy when an administrative

law judge errs in evaluating a social security claimant's residual functional capacity). This is, most critically, because it is not certain that Plaintiff is entitled to an award of benefits. *Cf. Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987) ("We are convinced . . . that if the matter were to be remanded to the Secretary for redetermination and the Secretary were to conclude again that [the plaintiff] was not disabled, his decision would not withstand judicial review"); *Miller v. Callahan*, 964 F. Supp. 939, 956 (D. Md. 1997) ("Where the record does not show substantial evidence supporting the denial of benefits under the correct legal standard, *and reopening the record would serve no useful purpose*, reversal rather than remand is appropriate") (emphasis added). Accordingly, the undersigned concludes that remand, rather than reversal with a directive to award benefits, is the proper course.

Though the court has to decided to remand Plaintiff's case to the Commissioner, the court expresses its serious concerns regarding the delay in final resolution of this matter. The court strongly encourages the Commissioner to take whatever action is necessary to expedite review of this matter and to avoid further procedural errors on remand.

## CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge in full. The matter is **reversed** and **remanded** to the Commissioner, pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), to hold an expedited *de novo* hearing and issue a prompt decision regarding Plaintiff's eligibility for SSI and DIB.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

March 12, 2010