# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Anthony Holmes, | C/A No. 3:08-1829-CMC-JRM |
| Plaintiff, | |
| | **OPINION & ORDER** |
| v. | |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant. | |

Through this action, Plaintiff challenged the Commissioner's denial of Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). On March 12, 2010, the court adopted the Report & Recommendation ("Report") of Magistrate Judge Joseph R. McCrorey in full and remanded this matter to the Commissioner for further review. This matter is now before the court on Plaintiff's petition for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff seeks $7,280.00, representing 45.50 attorney hours at $160.00 per hour. For the reasons set forth below, the court grants Plaintiff's motion for attorneys' fees in the amount of $6,860 in attorney's fees, representing 42.875 attorney hours at the rate of $160.00 per hour.

## BACKGROUND

Plaintiff initially filed for SSI and DIB in 2003. In the six years between Plaintiff's initial application and his current petition for attorney's fees, the Commissioner twice improperly considered his claims. *See* Report at 1-4. On or about June 11, 2009, the Commissioner made an offer of remand to Plaintiff. Plaintiff did not accept this offer. *See* Dkt. No. 49 at 2. On June 16, 2009, the Commissioner moved for an order of remand pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 28. Plaintiff objected to remand, seeking outright reversal of the Commissioner's

decision with a directive to award benefits. Dkt. No. 34. As noted above, the court instead remanded the matter to the Commissioner for further review, rejecting Plaintiff's argument for reversal. *See* Dkt. No. 46 at 3 (explaining that reversal was not appropriate because, on the record before the court, it was not certain that Plaintiff was entitled to an award of benefits).

**STANDARD**

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2010).[1] The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). When determining whether Defendant's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993). The district court has broad discretion to set the attorney-fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Comm'r v. Jean*, 496 U.S. 154, 163 (1990).

---

[1] A party who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993).

2

**DISCUSSION**

The Commissioner does not oppose an award of attorney's fees. However, the Commissioner challenges the reasonableness of the amount of fees sought, arguing that (1) 13.25 hours Plaintiff's counsel expended after the Commissioner offered voluntary remand of the case in June 2009 were unnecessary, and thus unreasonable, (2) 1.75 hours Plaintiff's counsel spent seeking extensions of time were not reasonably necessary; and (3) one hour Plaintiff's counsel expended filing his brief is not compensable because the filing of a brief is a purely clerical task. Dkt. No. 49 at 1. On July 9, 2010, Plaintiff filed a reply brief that responds only to the Commissioner's first argument. Dkt. No. 50. The court addresses the Commissioner's arguments in reverse order.[2]

**Compensation for Clerical Tasks.** The court agrees with the Commissioner that the filing of a brief is a "purely clerical or secretarial" activity that is not billable at an attorney's rate, or even at a paralegal's rate. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (discussing billing of clerical tasks under 42 U.S.C. § 1988); *see also Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("[T]he government contends that the filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead rather than billed at paralegal

---

[2] The Commissioner also objects to Plaintiff's request that fees be paid directly to counsel. The court agrees that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 505 U.S. __, No. 08-1322, slip op. at 1 (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same). Neither *Ratliff* nor *Stephens* addresses whether claimants may assign EAJA fees to their attorney via contract. However, the court is concerned that such contracts would constitute an end-run around the plain text of the EAJA as interpreted in both cases. *Cf. Brown v. Astrue*, 271 Fed. Appx. 741, 743 (10th Cir. 2008) (stating, in dicta, that claimant's "assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party . . . ."). Thus, absent legal authority to the contrary, the court concludes that attorney's fees in the present case must be awarded to Plaintiff, not his attorney.

rates. This contention has merit. . . . When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors.") (applying the *Missouri v. Jenkins* rationale in the EAJA context); *Action on Smoking & Health v. Civil Aeronautics Bd.*, 724 F.2d 211, 220-21 (D.C. Cir. 1984) (same); *Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) (same). The court understands that, as a sole practitioner, Plaintiff's attorney may periodically need to carry out clerical tasks. However, even if performed by an attorney, clerical tasks are not billable as legal work under *Missouri v. Jenkins*. Accordingly, the court reduces Plaintiff's attorney fee award by $240.00, representing 1.50 hours at $160.00 per hour.[3]

**Compensation for Motions for Extension of Time.** Courts have taken a variety of approaches when determining whether to award attorney's fees under the EAJA for time spent seeking extensions of time. Some courts have awarded attorney's fees for this task when the time expended was minimal and when extensions of time were regularly requested and granted in Social Security cases. *See, e.g.*, *Elijaeh M. V. v. Astrue*, 2010 U.S. Dist. LEXIS 67616 at *6-*7 (E.D. Cal. June 15, 2010); *Titus v. Astrue*, 2009 U.S. Dist. LEXIS 113219 at *9-*10 (N.D. Ohio Oct. 13, 2009); *Samuel v. Barnhart*, 316 F. Supp. 2d 768, 779-80 (E.D. Wis. 2004). Courts have also awarded fees when an extension was reasonably necessary for an attorney to prepare himself for a case that he had only recently undertaken. *See Rodriguez v. Astrue*, 2009 U.S. Dist. LEXIS 126311 at *5 (D. Conn. Sept. 3, 2009). Other courts have denied attorney's fees when they concluded that counsel should

---

[3] The Commissioner requests reduction of only one hour for clerical tasks, apparently including only the April 13, 2009 filing of Plaintiff's memorandum in support of his appeal. See Dkt. No. 48-2 at 1. The Commissioner seems to have included the clerical task of filing the motion for summary judgment in its general objection to an award of fees for attorney hours expended after his offer of remand. However, the court concludes that, because compensation for clerical tasks would be inappropriate regardless of the Commissioner's offer of remand, it is more accurate to group all hours expended on clerical tasks together.

4

have been able to meet the deadline. *See, e.g.*, *Brown v. Astrue*, 2010 U.S. Dist. LEXIS 21025 (W.D. Ark. Mar. 8, 2010); *see also Burr v. Bowen*, 782 F. Supp. 1285, 1290 (N.D. Ill. 1992) (concluding that time spent obtaining extensions of time was not reasonably necessary, but omitting a more detailed explanation of this conclusion). In this way, courts have engaged in a case-by-case analysis of attorney fee requests for time spent filing and reviewing motions for extension of time, looking closely at the circumstances of each request. The undersigned likewise examines the circumstances of Plaintiff's motions for extension of time.

Plaintiff sought extensions of time on four occasions. First, on September 9, 2008, Plaintiff sought an eighteen-day extension of the deadline to serve the summons and complaint upon the Commissioner. Plaintiff's counsel requested this extension because, "[t]hrough inadvertence," Plaintiff missed the Fed. R. Civ. P. 4(m) deadline for serving the summons and complaint. Dkt. Nos. 9; 9-1 at ¶ 3 (Aff. of Nowell S. Lesser). Second, on February 6, 2009, Plaintiff sought a thirty-day extension of the deadline to file his brief. This extension was needed because Plaintiff's counsel, a sole practitioner, could not complete his brief by the deadline "due to the press of other business." Dkt. Nos. 17; 17-1 at ¶ 2. Third, on March 10, 2009 – one day before the extended deadline to file his brief – Plaintiff requested another month-long extension, again "due to the press of other business." Dkt. Nos. 20; 20-1 at ¶ 2. Fourth, on July 1, 2009, Plaintiff sought a one-week extension of the deadline for filing his response to the Commissioner's motion to remand. This request was again sought because of "the press of other business," and also because of the impending July 4th holiday. Dkt. Nos. 29; 29-1 at ¶¶ 3-4.[4]

---

[4] Plaintiff was not the only party who requested extensions of time. On May 20, 2009, the Commissioner sought an extension of time to respond to Plaintiff's brief. This extension was requested because the Commissioner wanted to confer with the Appeals Council concerning the defensibility of the ALJ's decision. Dkt. No. 25 at ¶3. This consultation ultimately led the

5

This court routinely grants motions for extensions of time in Social Security cases. However, the undersigned concludes, based on the particular circumstances of this case, that not all of the time spent pursuing extensions of time was reasonably expended. The number of extensions obtained and, more importantly, the reasons for those extensions (particularly the first and third requests), lead to this conclusion. *See generally Hensley v. Principi*, 16 Vet. App. 491, 497 (U.S. App. Vet. Cl. 2002) (denying attorney's fees under the EAJA for time counsel expended to seek an extension requested "because of 'the press of court proceedings in [another court].'"). Accordingly, the court further reduces Plaintiff's requested attorney fee award by $180.00 (one-half of $360.00), representing one-half of 2.25 hours (the total time spent seeking extensions) at $160.00 per hour.[5]

**Compensation for Time Expended After the Commissioner's Offer of Remand.** The Commissioner's finally argues that 13.25 hours expended by Plaintiff's counsel after the Commissioner's offer of remand were unnecessary, and thus unreasonable. The Commissioner asserts that, because the court ultimately remanded the case to the Commissioner instead of reversing it for an award of benefits, the hours expended opposing the Commissioner's motion to remand were unnecessary and unreasonable. Dkt. No. 49 at 4. Plaintiff rejects this argument, maintaining that his decision to seek outright reversal of the ALJ's decision was reasonable in light of the procedural history of the case and the lengthy amount of time that has elapsed between Plaintiff's initial application for disability benefits and the recent proceedings. Dkt. No. 50 at 3. Under the unique

---

Commissioner to voluntarily seek remand to the Social Security Administration. *See* Dkt. No. 28 (motion to remand).

[5] The Commissioner requests a 1.75 hour deduction from Plaintiff's request, again apparently omitting the 0.5 hours expended seeking an extension of time after the Commissioner's offer of remand and grouping that time, instead, with time expended opposing the Commissioner's motion to remand. The court, again, finds that it is more appropriate to group all time expended seeking motions for extension of time together.

circumstances of this case, the court agrees with Plaintiff's position.

Under the EAJA, the court "shall award" attorney's fees to a prevailing party "unless the court finds that the position of the United States was substantially justified *or that special circumstances make an award unjust*." 28 U.S.C. § 2412(d)(1)(A) (2010) (emphasis added). The special circumstances exception is not explicitly defined, but rather provides a "safety valve" which, *inter alia*, "gives the court discretion to deny awards where equitable considerations dictate an award should not be made." H.R. Rep. 96-1418 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4990*; see also Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1091 n.5 (E.D. Wis. 2003). On occasion, courts have denied attorney's fees for hours expended after the Commissioner's offer of remand because this situation constitutes a "special circumstance" that would make an award of benefits inequitable.

When courts consider whether attorney's fees should be awarded for hours expended after the Commissioner's voluntary motion for remand, they generally examine both the timing of the Commissioner's motion for remand and whether the plaintiff agreed to the remand. *Id.* at 1091-92. If, as in this case, the Commissioner moves for remand *after* the plaintiff has briefed the merits of the case and the plaintiff *opposes* remand (favoring instead reversal for an award of benefits), courts often analyze the reasonableness of plaintiff's expectation of this remedy. *Id.*; *see also Antonetti v. Barnhart*, 438 F. Supp. 2d 145, 148 (W.D.N.Y. 2006); *Wirth v. Barnhart*, 325 F. Supp. 2d 911, 916-18 (E.D. Wis. 2004); *McLaurin v. Apfel*, 95 F. Supp. 2d 111, 114, 117 (E.D.N.Y. 2000). A judicial award of benefits is appropriate only in rare instances when the record unequivocally supports a finding that the plaintiff is disabled and therefore entitled to an award of benefits. *See* Dkt. No. 46 at 3 (Order); *see also INS v. Ventura*, 537 U.S. 12, 16 (2002). For this reason, "[i]t may well be that in the majority of cases counsel cannot reasonably expect a court to award benefits." *Uphill*, 271

7

F. Supp. 2d at 1092.

In the merits proceeding, the court ultimately agreed with the Commissioner that remand was appropriate because the record was not sufficiently well-developed to justify outright reversal. However, Plaintiff's request for reversal with a directive for benefits was based primarily on (1) the Commissioner's failure to carry his burden at Step Five, despite having had two opportunities to do so; and (2) the six-year delay between Plaintiff's initial disability petition and the current proceedings. While the court was concerned by the numerous appeals proceedings and the extreme delay in resolving Plaintiff's petition, the court nonetheless concluded that several critical circumstances in those cases made them distinguishable from the present case. Specifically, the records in the cases cited by Plaintiff unambiguously supported a finding that the claimant was entitled to benefits. In contrast, the record in Plaintiff's case was not so clear. Although the court rejected Plaintiff's position as to remand based on ambiguity in the record regarding the merits, it is persuaded that the closeness of the question combined with the prior extreme delay – over six years – justified Plaintiff's opposition to remand. For these reasons, the court disagrees with the Commissioner that the hours spent opposing remand were unreasonably expended and awards Plaintiff attorney's fees for those hours.

## CONCLUSION

For the reasons set forth above, the court awards Plaintiff a total of $6,860 in attorney's fees, representing 42.875 attorney hours at the rate of $160.00 per hour.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 12, 2010