# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Anthony Holmes, | C/A No. 3:08-1829-CMC |
| Plaintiff, | |
| v. | |
| Carolyn W. Colvin, | **ORDER GRANTING PETITION FOR ATTORNEY'S FEES** |
| Acting Commissioner of Social Security,[1] | |
| Defendant. | |

On May 23, 2013, Plaintiff's attorney filed a petition for attorney's fees pursuant to 42 U.S.C. § 406(b)(1) and Local Rule 83.VII.07. Dkt. No. 52. Counsel seeks an award of $17,540.00. *Id.* The Commissioner has not filed an opposition to the petition for attorney's fees, and the deadline for doing so has passed.

In reviewing the petition in light of the factors to be considered in awarding attorney's fees in a social security case, the court finds that an award of $17,540.00 is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of [contingency fee agreements] as an independent check, to assure that they yield reasonable results in a particular case"). The fees are sought pursuant to a contingency fee agreement through which Plaintiff agreed to an attorney fee of 25 percent of any past-due benefits.[2] This percentage is the maximum allowed

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013. As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g).

[2] Plaintiff's counsel seeks 25 percent of Plaintiff's past-due benefits ($30,400.00), offset by a previous award of $6,860.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and a $6,000 payment by the Social Security Administration for work performed at the administrative level. The resulting net fee sought is $17,540.00. Counsel's

by Section 406(b).

    For reasons set forth above, the court finds that the amount sought is reasonable. Accordingly, the court orders that Plaintiff's counsel be awarded $17,540.00 in attorney's fees.[3]

    **IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 27, 2013

---

reference to $17,590.72 in the motion is a typographical error.

   [3] The court notes that the petition for attorney's fees under 406(b) is untimely, as it was filed almost two years after Plaintiff received his Notice of Award. Local Civil Rule 83.VII.07(A) requires an application for attorney's fees to be paid from past due benefits to be made within sixty days of the issuance of the notice of award of benefits. The rule also makes clear that "[n]oncompliance with this time limit may be deemed a waiver of any claim for attorney's fees, unless the attorney can show good cause for the delay." Plaintiff's counsel acknowledged that his fee petition was late. Dkt. No. 52-1 at 3-4. Counsel explained that the delay was due to the Social Security Administration's failure to respond to multiple inquiries as to whether any benefits would be awarded for Plaintiff's children, which could affect the amount of fees sought. *Id.* One of Plaintiff's children was serving in Afghanistan and could not apply for the benefits for some time, which further delayed counsel's filing of the fee petition. *Id.* The Commissioner did not respond to Plaintiff's explanation for the delay. In light of Plaintiff's explanation, which is supported by correspondence to the Social Security Administration, the court finds that Plaintiff's counsel has shown good cause for the delay, and Plaintiff's counsel has not, therefore, waived his claim for attorney's fees.